IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| CORELOGIC, INC., FRANK MARTELL, | : SECURITIES EXCHANGE ACT OF 1934 |
| W. STEVE ALBRECHT, DOUGLAS C. | : |
| CURLING, JOHN C. DORMAN, PAUL F. | : |
| FOLINO, WENDY LANE, CLAUDIA FAN | : |
| MUNCE, PAMELA H. PATENAUDE, | : |
| VIKRANT RAINA, J. MICHAEL | : |
| SHEPHERD, JAYNIE MILLER | : |
| STUDENMUND, and HENRY W. | : |
| WINSHIP, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

NATURE OF ACTION

1. On February 4, 2021, CoreLogic, Inc. ("CoreLogic" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Celestial-Saturn Parent Inc. ("Parent") and Celestial-Saturn Merger Sub Inc. ("Merger Sub") (together, "Celestial-Saturn") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, CoreLogic's stockholders will receive $80.00 per shar.

3. On March 30, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of CoreLogic common stock.

9. Defendant CoreLogic is a Delaware corporation. CoreLogic's common stock is traded on the NYSE under the ticker symbol "CLGX."

10. Defendant Frank Martell is President, Chief Executive Officer, and a member of the Board of Directors of CoreLogic (the "Board").

11. Defendant W. Steve Albrecht is a member of the Board.

12. Defendant Douglas C. Curling is a member of the Board.

13. Defendant John C. Dorman is a member of the Board.

14. Defendant Paul F. Folino is Chairman of the Board.

15. Defendant Wendy Lane is a member of the Board.

16. Defendant Claudia Fan Munce is a member of the Board.

17. Defendant Pamela H. Patenaude is a member of the Board.

18. Defendant Vikrant Raina is a member of the Board.

19. Defendant J. Michael Shepherd is a member of the Board.

20. Defendant Jaynie Muller Studenmund is a member of the Board.

21. Defendant Henry Jay Winship is a member of the Board.

22. Defendants identified in ¶¶ 10-21 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

23. Through its enhanced property data solutions, services, and technologies, the Company enables real estate professionals, financial institutions, insurance carriers, government agencies, and other housing market participants to help millions of people find, buy, and protect their homes.

24. February 4, 2021, CoreLogic entered into the Merger Agreement, under which CoreLogic's stockholders will receive $80.00 per share.

25. The press release announcing the Proposed Merger provides as follows:

CoreLogic® (NYSE: CLGX), a leading global property information, analytics and data-enabled solutions provider, today announced that the company's Board of Directors unanimously approved a definitive merger agreement under which funds managed by Stone Point Capital and Insight Partners will acquire all outstanding shares of CoreLogic for $80 per share in cash, representing an equity value of approximately $6.0 billion and a premium of 51% to CoreLogic's unaffected share price on June 25, 2020.

CoreLogic Chairman Paul Folino said, "This is a significant milestone for CoreLogic and a very positive outcome for our shareholders who will receive

exceptional value for their shares in cash with a high degree of regulatory certainty and a closing expected in the near term. The transaction is the culmination of our Board's extensive review of strategic alternatives, which included engaging with numerous potential buyers."

CoreLogic President and CEO Frank Martell said, "Stone Point and Insight Partners are highly respected investors who recognize the value and potential of CoreLogic's digital content, solutions and market-leading platforms that power the housing economy. We look forward to working closely with Stone Point and Insight to build on our record financial and operating performance and accelerate our digital transformation and growth."

Chuck Davis, CEO of Stone Point Capital, said, "CoreLogic is a mission critical vendor and data provider across industry sectors in which Stone Point has specialized over the past 20 years, including mortgage, residential real estate and P&C insurance. CoreLogic's proprietary data assets are increasingly important to its customers, and we look forward to leveraging our network within the broader financial services industry to support the company's next phase of growth."

"At Insight Partners we focus on partnering with clear technology leaders that define and transform their markets through world-class software and data," said Deven Parekh, Managing Director at Insight Partners. "What we found in CoreLogic is a market leader with a long history of serving customers with powerful data technology and a future vision to innovate across the real estate ecosystem. We are excited to support CoreLogic in its next chapter of transformational growth."

The transaction will be financed through a combination of committed equity financing provided by funds managed by Stone Point Capital and Insight Partners, as well as committed debt financing provided by J.P. Morgan Securities LLC. The transaction is expected to close in the second quarter of 2021 subject to shareholder approval, regulatory approvals, and other customary closing conditions.

Evercore is serving as financial advisor to CoreLogic and Skadden, Arps, Slate, Meagher & Flom LLP is serving as the Company's legal advisor. J.P. Morgan Securities LLC and Wells Fargo Securities, LLC are acting as financial advisor to Stone Point Capital and Insight Partners. Kirkland & Ellis is serving as legal advisor to Stone Point Capital, and Willkie Farr and Gallagher is serving as legal advisor to Insight Partners.

26. On March 30, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

27. The Proxy fails to disclose material information regarding the financial analyses performed by Evercore Group L.L.C. ("Evercore"), CoreLogic's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

28. The Proxy fails to disclose the following regarding Evercore's Discounted Cash Flow Analysis: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iv) the number of fully diluted shares of CoreLogic common stock; and (v) net debt.

29. The Proxy fails to disclose the following regarding Evercore's Selected Public Company Trading Analysis: the individual multiples for the observed companies.

30. The Proxy fails to disclose the following regarding Evercore's Premiums Paid Analysis: (i) the observed transactions; and (ii) the premiums paid in the transactions.

31. The Proxy fails to disclose the following regarding Evercore's Equity Research Analyst Price Targets Analysis: (i) the observed price targets; and (ii) the sources of the price targets.

32. The Proxy fails to disclose the following regarding Evercore's Illustrative Leveraged Buyout Analysis: the basis for assuming (i) a required internal rate of return in the range of 18.0% to 22.0%; (ii) total leverage ratios in the range of 6.5x to 7.5x; and (iii) exit multiples in the range of 11.0x to 15.0x.

Financial Projections

33. The Proxy fails to disclose material information regarding CoreLogic's financial

projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

34. The Proxy fails to disclose the following regarding CoreLogic's financial projections: (i) the line items used to calculate adjusted EBITDA; and (ii) the line items used to calculate unlevered free cash flow.

<u>Background of the Proposed Merger and Potential Conflicts of Interest</u>

35. The Proxy fails to disclose material information regarding the background of the Proposed Merger.

36. The Proxy fails to disclose whether the Company entered into any confidentiality agreements that contained standstill or don't ask, don't waive provisions.

37. The Proxy fails to disclose the timing and nature of the past services Evercore provided to Parent and/or its affiliates.

38. The Proxy fails to disclose whether any indications of interest mentioned management retention or participation in the combined company and the terms thereof.

39. If disclosed, the omitted information would significantly alter the total mix of information available to CoreLogic's stockholders.

## COUNT I

**Claim Against the Individual Defendants and CoreLogic for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

42. CoreLogic is liable as the issuer of these statements.

43. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

44. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

46. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

47. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

48. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

49. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

50. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of CoreLogic within the meaning of Section 20(a) of the Exchange Act as alleged herein.

52. Due to their positions as officers and/or directors of CoreLogic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

55. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

56. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

57. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

58. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

59. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: March 31, 2021

**GRABAR LAW OFFICE**

By: *Joshua H. Grabar*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*